LOWENSTEIN SANDLER LLP
1251 Avenue of the Americas
New York, NY 10020
Email: tredburn@lowenstein.com
Phone: 212.419.5899
ATTORNEYS FOR DEFENDANT

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

CHRISTIAN SANCHEZ, on behalf of himself
and all others similarly situated,

       Plaintiffs,

-against-

WEBULL FINANCIAL LLC

       Defendant.

----------------------------------------------------------------x

Index No.: 1:21-cv-00930-ER

## CONSENT DECREE

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 10, by and between the following parties: Plaintiff CHRISTIAN SANCHEZ ("Plaintiff"), and Defendant, WEBULL FINANCIAL LLC ("Defendant"). Plaintiff and Defendant shall hereinafter be collectively referred to as the "Parties" for the purposes and on the terms specified herein.

## RECITALS

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases

1

(or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3. On or about February 3, 2021, Plaintiff filed this lawsuit in the United States District Court for the Southern District of New York entitled *CHRISTIAN SANCHEZ v. WEBULL FINANCIAL LLC,* No. 1:21-cv-00930-ER (the "Action"). The Plaintiff alleged that Defendant's website, www.webull.com (the "Website"), is not fully accessible to individuals with disabilities in violation of the ADA, the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law ("NYCHRL").

4. Defendant expressly denies that the Website violates any federal, state or local law, including the ADA, NYSHRL, NYSCRL, and the NYCHRL, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action, including all claims arising under either federal law or the law of any State.

6. This Consent Decree is entered into by the Plaintiff, individually.

## JURISDICTION

7. Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that Defendant's Website is a place of public accommodation subject to Title III of the ADA. 42 U.S.C.

§12181(7); 12182(a). Defendant denies that its Website is a public accommodation or a place of public accommodation or are otherwise subject to Title III of the ADA.

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

9. Plaintiff and Defendant agree that the Website is now in compliance with the ADA and accessible to persons with visual disabilities and that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this action, the Parties hereby AGREE to the following:

## DEFINITIONS

10. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

11. Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 16 through 29 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts (i) whose cost, difficulty or impact on Defendant's Website, services or business could constitute an undue burden, as defined in Title III of the ADA, (ii) which could result in a fundamental alteration in the manner

in which Defendant operates its Website or the primary functions related thereto, or (iii) which could result in a loss of revenue or traffic on Defendant's Website-related operations.

**TERM**

12. The term of this Consent Decree shall commence as of the Effective Date and remain in effect until the earlier of: (1) twelve (12) months from the Effective Date; or (b) the date, if any, that the Department of Justice adopts final regulations that govern the accessibility of Internet websites under Title III of the ADA.

**GENERAL NONDISCRIMINATION REQUIREMENTS**

13. Pursuant to the terms of this Consent Decree, Defendant:

   a. Shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through its Website as set forth herein. 42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

   b. Shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations Defendant provides through its Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

   c. Shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including the Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because

of the absence of auxiliary aids and services, through its Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

## COMPLIANCE WITH TITLE III OF THE ADA

14. Web Accessibility Conformance Timeline: Defendant shall ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website according to the following timeline and requirements:

   a. Within twelve (12) months of the Effective Date, the Defendant shall ensure that the Websites substantially conform to the Web Content Accessibility Guidelines 2.0 Level A and AA Success Criteria ("WCAG 2.0 AA") in such a manner so that the Website will be accessible to persons with disabilities as set forth in Paragraph 26 below.

   b. Defendant shall not be responsible for ensuring that third party content or plug-ins that are not owned by Defendant, but are otherwise located on the Website or linked to from the Website, are accessible or otherwise conform to WCAG 2.0 AA.

   c. Between the Effective Date and twelve (12) months from the Effective Date, Defendant shall test the Website on a periodic basis with assistive technology such as screen readers and screen magnifiers, and with users with visual disabilities who use these technologies. The specific timing and methodology of these tests are within the Defendant's discretion.

## SPECIFIC RELIEF TO PLAINTIFF

15. Specific Relief: The Plaintiff and the Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, other financial matters, relating to any alleged inaccessibility of the Website through a separate confidential settlement agreement (the "Settlement Agreement") hereby incorporated by reference into this Consent Decree. The Settlement Agreement shall be provided to the Court *in camera* for inspection and review if the Court so requires in order to extend its enforcement jurisdiction over the terms of the Settlement Agreement.

**PROCEDURES IN THE EVENT OF DISPUTES**

16. The procedures set forth in Paragraphs 17 through 19 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree, (ii) Defendant alleges that there is a criteria of WCAG 2.0 AA with which it cannot substantially comply as set forth herein, or (iii) either party alleges the other has breached this Consent Decree in some manner. Neither Plaintiff nor Defendant will be deemed to have breached this Consent Decree until the following procedures have been exhausted.

17. If a party believes that the other party hereto has not complied in all material respects with any provision of the Consent Decree, that party shall provide the other party with written notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (iii) a statement of the remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party. Plaintiff will notify Defendant in writing after the dates for compliance set forth herein if Plaintiff

believes that the Website is in any way not compliant with this Consent Decree. Defendant will notify Plaintiff in writing if it believes there is a criteria of this Consent Decree with which it cannot substantially comply hereunder. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 22.

18. Within thirty (30) days of either Party receiving notice as described in Paragraph 17, the other Party will respond in writing to the notice. Within fifteen (15) days of receipt of the response, the Parties will meet by telephone, or in person, in a good faith attempt to informally resolve the issue.

19. If the issue remains unresolved within thirty (30) days of the meeting referenced in Paragraph 18, the Parties will each have an additional thirty (30) days to select an expert and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on whether a person, who has a visual disability and uses screen reader software and has average screen reader competency ("person with a Visual Impairment who has average screen reader competency"), can adequately utilize the Website.

20. There will be no breach of this Consent Decree unless (a) the independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a visual disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their respective publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than ninety (90) days after receiving the accessibility consultant's opinion. If

the independent accessibility consultant believes that more than ninety (90) days is necessary to provide a reasonable time using Reasonable Efforts to remedy the items found not to be usable, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the independent accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

21. Any of the time periods set forth in Paragraphs 17 through 20 may be extended by mutual agreement of the Parties.

22. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

    For PLAINTIFF:    Joseph H. Mizrahi, Esq.
                                    Cohen & Mizrahi LLP
                                    300 Cadman Plaza West, 12th Floor
                                    Brooklyn, NY 11201
                                    Email: Joseph@cml.legal
                                    Phone: 929-575-4175
                                    Fax: 929-575-4195

    For DEFENDANT:    Thomas E. Redburn Jr., Esq.
                                      LOWENSTEIN SANDLER LLP
                                    1251 Avenue of the Americas
                                    New York, NY 10020
                                    Email: tredburn@lowenstein.com
                                    Phone: 212.419.5899
                                    Fax: 973.597.2457

## **MODIFICATION**

23. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties and approved by the Court.

## ENFORCEMENT AND OTHER PROVISIONS

24. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York and, to the extent applicable to substantive issues that arise under the ADA, federal law.

25. This Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described in Paragraph 3, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 3, shall be enforceable, other than the Settlement Agreement.

26. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND

27. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant, to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

28. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their respective counsel prior to executing the Consent Decree.

Dated: 6/22/2021

[signature: Christian Sanchez]
CHRISTIAN SANCHEZ

WEBULL FINANCIAL LLC

Dated: 6/24/2021     By: [signature]
                         Anthony Denier

                     Its: Chief Executive Officer

APPROVED AS TO FORM AND CONTENT:

COHEN & MIZRAHI LLP

Dated: 6/22/2021     By: [signature]
                         Joseph H. Mizrahi, Esq.
                         300 Cadman Plaza West, 12th Floor
                         Brooklyn, NY 11201
                         Attorneys for Plaintiff Christian Sanchez

LOWENSTEIN SANDLER LLP

Dated: 6/24/2021     By: [signature]
                         Thomas E. Redburn Jr., Esq.
                         1251 Avenue of the Americas
                         New York, NY 10020
                         Attorneys for Defendant
                         WEBULL FINANCIAL LLC

# COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

**FINDS AS FOLLOWS:**

1) This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant;

5) The Plaintiff is acting as a private attorney general in bringing this lawsuit and enforcing the ADA; and

6) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged in the Action, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

DONE AND ORDERED in Chambers at __5:27 PM__ this __24th__ day of __June__, 2021, New York, New York.

_____
UNITED STATES DISTRICT JUDGE

Cc: Counsel of record via CM/ECF